PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* AGUSTÍN ROSA-QUIÑONES, Defendant and Appellant.

No. 2817. Argued June 18, 1926.—Decided February 15, 1927.

*Luis Llorens* for the appellant.   *José E. Figueras* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from a judgment imposing a fine of twenty-five dollars for the illegal practice of the profession of physician and surgeon.

The trial court found as follows:

"At the beginning of the trial the prosecution and the defense made the following stipulation as it appears from the record:

" 'The defense admits that defendant Dr. Rosa Quiñones gave the prescriptions herein offered in evidence by the prosecution, without being authorized to practice the medical profession by the Board of Medical Examiners of Porto Rico, that is to say, without a license from said Board, or without being registered in the Registry of Physician-Surgeons of the Health Department.

" 'The district attorney admits that he has a college diploma of M. D. issued by the University of Illinois, which diploma is produced in evidence, and also admits that defendant has been practicing medicine in Porto Rico for more than six years, and receiving compensation and fees as such doctor and using the initials M. D. in his prescriptions, all under the authority of such diploma.

" 'The defense admits that on the 21st of June, 1925, in the village of Palo Seco of Toa Baja, defendant was practicing as doctor as hereinbefore stated, and that previous to the date of said charge he had been practicing as doctor and in the same conditions for more than six years, which is admitted by the prosecution.

" 'In addition to the stipulation two prescriptions are offered in evidence by the prosecution and are included in the record.

" 'The defense introduces in evidence the diploma mentioned in the stipulation and which appears to have been issued by the Medical College of the State of Illinois on the 28th of May, 1914, which evidence is admitted by the prosecution.

" 'And the court approved said stipulation.'

"On October 24, 1925, defendant appeared in open court and enlarged his testimony already given as follows:

" 'That he has been practicing as doctor in Porto Rico from the first fortnight of June, 1914; that ever since he has been continually practicing medicine in Porto Rico; that he has not filled any public position as doctor; that he has practiced in the office of Dr. Coll y Cuchí; that this is the first time that he has been prosecuted while practicing the profession of doctor.'

    *        *        *        *        *        *        *

"It appears from proven facts that defendant Rosa Quiñones received a medical diploma in the month of May, 1914, when he began practicing his profession, healing sick people, issuing prescriptions under his signature as physician-surgeon, publicly exhibiting a sign as such physician-surgeon in front of his office, and finally exercising all other activities connected with the practice of his profession."

Further on the court examines the jurisprudence of this Supreme Court in the cases of *People* v. *Rodríguez Alberty*, 33 P.R.R. 812, and *People* v. *Cabrera et al.*, 34 P.R.R. 449, and concludes thus:

"We think that the doctrine in the case of Rodríguez Alberty is not applicable in any form to the case of Agustín Rosa Quiñones which we are now deciding, and we reach the conclusion that Agustín Rosa Quiñones, notwithstanding his medical diploma issued by the Medical College of the State of Illinois, is not included, for the purpose of the law, among the physicians duly authorized and who have practiced in Porto Rico for five years previous to the enactment of Act No. 43 approved June 7, 1919."

No statement of the case or transcript of the evidence has been brought up, but the appellant argues that neither of them was required because the appeal is not based on any error committed at the trial, or on an erroneous weighing of the evidence, but because of the absence of controversy over the facts by virtue of the stipulation made, the ground of the appeal consists in an erroneous construction of the law applicable to such facts.

Assuming that we could disregard the statement of the

case or the transcript of the evidence, it seems, however that the admissions contained in the stipulation are not the full and convincing evidence necessary to determine the standard of the defendant as physician and surgeon as defined in *People* v. *Cabrera, supra,* where it was said that "the state of facts recognized by the Legislature was that of an actual status of physician in the community." And explaining its purpose when referring to the amendment to section 3 of the Act of 1903 in 1911, this court said also:

"At the hearing on these appeals several causes were stated. Some reason must have existed. Perhaps the Legislature knew that certain persons were practicing medicine in the Island who although perfectly qualified lacked one or more of the statutory educational requisites and desired to legalize their status. Such being the case the only possible inference is that the legislators had in mind those persons who had assumed the position of physicians in the community and who were there recognized as doctors, holding public offices as such and being considered by their professional colleagues as equals; that is, actual physicians openly practicing their profession. A pharmacist, a first aid practitioner, a minor surgeon, a quack doctor, connot be considered to have been the physicians and surgeons *de facto* which the proviso contemplated."

Act No. 19 of March 9, 1911, as well as Act No. 43 of June 7, 1919, amending the former, pursued the same object, the former Act as regards all persons and the latter **referring** to "all duly authorized physicians," meaning that, in the absence of an examination showing proficiency and ability before a board of medical examiners, the Legislature, when allowing exceptions to the rule, undoubtedly proceeded on the theory of requiring the requisite of five years' experience from those practicing the medical profession. The wisdom or circumstances which might justify at the moment the enactment of such laws fall within the scope of legislative powers; but on appeal to the courts it is they that must measure and weigh the evidence in such cases. In any case, our Legislature, by the Act of 1919, thought it wise to require

something more than was provided by the Act of 1911 for exceptional cases, and then modified the phraseology of the law requiring a medical college diploma, and this is what it meant by the proviso of section 3 of the Act of 1919 when referring to "all duly authorized physicians," this constituting the amendment.

When an educational institution issues a diploma to a person it declares that its beneficiary has acquired proficiency in the branch of knowledge chosen by him; but the presumption of proficiency bestowed by a diploma greatly depends on the aptitude or disposition of said person and the credit or reputation of the university or college issuing the same. The Legislature undoubtedly had such person in mind when it added to the presumption of proficiency represented by a diploma of physician-surgeon the experience of five years' practice required from all physicians who refused or were afraid to demonstrate their proficiency in the different medical matters before a board of medical examiners expressly created for that purpose. The purpose of the law is protection from the risk of inexperience in a profession of such vital importance to the community, limiting the proviso of section 3 to physician-surgeons who have been considered as such by their professional colleagues and by the public in general on account of their reputation and experience. The mere fact of issuing prescriptions is not a proof of the defendant's proficiency, because there are suitable practical formularies of therapeutics and pharmacopæia which can be practically copied. Therefore we must give the law an interpretation in harmony with its purpose. Everything depends on circumstances taken as a whole and not on isolated facts without importance. Nowadays when the medical profession is numerous and its standard is in keeping with the scientific requirements and its practice is regulated in order to secure proficiency as far as possible, it is reasonable to require of a person who claims to be in possession of a

diploma of physician-surgeon, but who is diffident of his ability to pass an examination, the full and convincing evidence of having clearly established that standard by his experience or practice of five years, which is not shown in this case.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.

Mr. Justice Aldrey concurred in the judgment.